UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**United States of America,**

    **Plaintiff,**                                    Case No. 2:13–cr–143

    v.                                           Judge Michael H. Watson

**Valueland Auto Sales, Inc,** *et. al.*,

    **Defendants.**

## OPINION AND ORDER

Defendants Valueland Auto Sales, Inc., ("Valueland"), Ron Benit ("Benit"), and Jerry Browner ("Browner") (collectively, "Defendants") each filed separate motions *in limine* seeking to preclude from trial all direct and indirect evidence of, and any reference to, Browner's drug usage, prior convictions, or temporary residence at Alvis House.  ECF Nos. 49, 78, 82.  For the following reasons, the Court **GRANTS** Defendants' motions.

### I. STANDARD OF REVIEW

Although the Federal Rules of Evidence and the Federal Rules of Criminal Procedure do not specifically authorize the practice of ruling on motions *in limine*, the practice has become part of the district court's inherent authority to manage the course of trials.  See *United States v. Dimora*, 843 F. Supp. 2d 799, 816 (N.D. Ohio 2012).  "A motion *in limine* is a pre-trial mechanism by which this Court can give the parties advance notice of the evidence upon which they may

or may not rely to prove their theories of the case at trial." *Carte v. Loft Painting Co.*, No. 2:09–cv–178, 2012 WL 2020731, at * 2 (S.D. Ohio May 24, 2011).

"Any ruling on a motion *in limine*, however, is 'no more than a preliminary, or advisory, opinion that falls entirely within the discretion of the district court, and the district court may change its ruling where sufficient facts have developed that warrant the change.'" *Id.* (quoting *United States v. Yannott*, 42 F.3d 999, 1007 (6th Cir. 1994)). Trial courts are hesitant to exclude broad categories of evidence on a pretrial basis because the context of trial provides a far better viewpoint from which to assess all of the elements pertaining to admissibility. *Bennett v. Bd. of Educ. of Washington Cnty. Joint Vocational Sch. Dist.*, No. 2:08–cv–663, 2011 WL 4753414, at *1 (S.D. Ohio Oct. 7, 2011). Consequently, the Court will exclude evidence pursuant to a motion *in limine* only if the evidence is *clearly* inadmissible. *Wilson v. Hill*, No. 2:08–cv–552, 2013 WL 21285, at *1 (S.D. Ohio Jan. 18, 2013).

## II. ANALYSIS

Defendants move to preclude from trial all direct and indirect evidence of, and reference to, Browner's drug usage, prior convictions, or temporary residence at Alvis House.

### A. Browner's Drug Use

Defendants seek to exclude from trial any and all reference to any prior drug use pursuant to Federal Rules of Evidence 401, 402, 403, and 404(b).

Federal Rule of Evidence 402 bars admission of irrelevant evidence.  Fed. R. Evid. 402.  Evidence is relevant if it "has any tendency to make a fact more or less probable than it would be without the evidence" and if "the fact is of consequence in determining the action."  Fed. R. Evid. 401.  Rule 403 permits courts to exclude relevant evidence if its probative value is substantially outweighed by a danger of, *inter alia*, unfair prejudice, confusing the issues, and misleading the jury.  Fed. R. Evid. 403.  Rule 404(b)(1) bars admission of evidence of a crime, wrong, or other act "to prove a person's character or to show that on a particular occasion the person acted in accordance with the character."  Fed. R. Evid. 404(b)(1).  Evidence of a crime, wrong, or act is admissible for other purposes, however, such as proving, *inter alia*, opportunity or knowledge.  Fed. R. Evid. 404(b)(2).

The Court agrees with Defendants that evidence of any prior drug use is irrelevant to any facts of consequence related to whether Valueland or Benit knowingly structured deposits to avoid reporting requirements and whether Valueland and Browner knowingly caused Valueland to file Forms 8300 containing a material omission, misrepresentation, or misstatement of fact.

The evidence is also inadmissible as character evidence under Rule 404(b)(a), and the Government does not explain how it intends to present the evidence for a permissible purpose under Rule 404(b).   Moreover, even if the evidence is admissible, its limited probative value is substantially outweighed by

the danger that the jury would view Browner's prior drug abuse as evidence of criminal character or propensity for criminal activity.

Accordingly, the Government is precluded from making any reference to Browner's prior drug use or adducing any evidence to that effect against any Defendant.

**B. Browner's Prior Convictions**

Defendants also move to exclude any reference to or evidence of Browner's prior convictions pursuant to Rules 401, 402, 403, and 404(b).

At issue is Browner's prior conviction of one count of money laundering and one count of traveling in interstate commerce to promote unlawful activity.

The Government argues it intends to offer evidence of this conviction not to establish Browner's propensity for criminal activity, but as evidence of Browner's motive, intent, plan, knowledge, and absence of mistake in knowingly causing Valueland to file inaccurate Forms 8300 pursuant to Rule 404(b).  It is unclear, however, how the fact of Browner's over decade old conviction for money laundering and promoting criminal activity is relevant to Defendants', *inter alia*, motive, intent, or plan to structure deposits or to cause Valueland to file inaccurate Forms 8300 in 2009–2011.  Accordingly, the Government is precluded from adducing evidence or referencing Browner's prior conviction to establish motive, intent, plan, knowledge, and absence of mistake under Rule 404(b).

Additionally, Browner argues that if he elects to testify, evidence of his prior convictions is inadmissible for impeachment purposes under Federal Rule

of Evidence 609. Rule 609 governs the admissibility of evidence of a criminal conviction for the purpose of attacking a witness's character for truthfulness. It provides that where the witness is a defendant in a criminal case, evidence of any crime punishable by death or imprisonment for more than one year (a felony) must be admitted if the probative value outweighs its prejudicial effect to that defendant. Fed. R. Evid. 609(a)(1)(B). If more than ten years have passed since the witness's conviction or release from confinement, whichever is later, evidence of the conviction is only admissible if its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect and the proponent of the evidence gives the adverse party reasonable written notice of the intent to use the evidence. Fed. R. Evid. 609(b).[1]

The conviction at issue was obtained within the past ten years. Browner argues evidence of this conviction is inadmissible for impeachment purposes because its probative value does not outweigh its prejudicial effect.

In determining whether to admit evidence of this conviction, the Court considers the following factors: "(1) the impeachment value of the prior crime, (2) the point in time of the conviction and the witness's subsequent history, (3) the similarity between the earlier crime and the charged offense, (4) the importance of the defendants' testimony, and (5) the centrality of the credibility

---

[1] Browner asserts, and the Government does not dispute, that all of Browner's prior convictions except one are over ten years old, and their probative value does not substantially outweigh their prejudicial effect. Moreover, while Defendants refer generally to Browner's "prior drug conviction," they do not identify any specific drug conviction.

issue." *United States v. Peatross*, 377 F. App'x 477, 489 (6th Cir. 2010) (citation omitted).

In this case, consideration of these factors warrants preclusion of the evidence.  As a crime involving deception, Browner's prior conviction for money laundering has significant impeachment value with respect to Browner's character for truthfulness.  Such value is outweighed, however, by the strength of the remaining factors.  First, Browner asserts, and the Government does not dispute, that the offense conduct and arrest for his prior conviction occurred fourteen years ago, and his supervised release was terminated early six years ago.  This significant lapse of time between the prior conviction and the instant offense weighs against admission.  Second, the prior and instant offenses both involved allegations of improperly handling funds, which creates a significant danger that a jury will improperly conclude that the existence of the prior conviction increases the likelihood that Browner is guilty of the instant offense.  Furthermore, the Court affords great importance to Browner's testimony as he has a fundamental right to testify on his behalf as a defendant in this case, and his credibility as a defendant is of significant importance.  For all of these reasons, the probative value of the evidence—to attack Browner's character for truthfulness—does not outweigh its prejudicial effect to Browner.

Accordingly, the Government is also precluded from making any reference to Browner's prior conviction for money laundering and traveling in interstate commerce to promote unlawful activity for impeachment purposes.

**C. Browner's Temporary Residence at Alvis House**

Last, Defendants move to exclude from trial any and all references to his temporary residence at Alvis House pursuant to Federal Rules of Evidence 401, 402, 403, and 404(b).  Similar to his argument regarding his prior drug use, he maintains that the evidence is irrelevant to the offense charged and would be unduly prejudicial if admitted.

The Government argues that evidence of Browner's residence at Alvis House is relevant to establish four main facts.  First, Browner's association with individuals at Alvis House who were in similar circumstances to his resulted in one or more of those individuals becoming customers of Valueland.  Second, these individuals became customers of Valueland in part because of Browner's assurances to the effect that their names would not need to appear on documents filed with the government.  Third, at least one of Browner's acquaintances at Alvis House left her job and became a Valueland employee, and she knew from her employment at Alvis house the identity of the true purchaser of the vehicle that is the subject of Count 27 of the superseding indictment.  Fourth, two or more of the individuals Browner associated with at Alvis House became customers of Valueland and used straw purchasers and cash payments exceeding $10,000 to purchase vehicles.

The Government's argument is not well taken.  First, while the Government is entitled to adduce evidence that Browner secured customers by assuring them that they would not need to place their names on documents filed with the

Government, it is irrelevant that he met those customers at Alvis House. Even if such evidence was relevant, any probative value is substantially outweighed by the danger of unfair prejudice to Defendants. Indeed, there is a significant danger that the jury would view Browner's time at Alvis House as an indicator of bad character or the propensity for criminal activity and improperly base its determination on that view. Similarly, while a Valueland employee's knowledge of the true identity of a purchaser is certainly relevant, where she learned the identity is not, unless a defendant attacks the veracity of her knowledge. Even if it is relevant as circumstantial evidence of motive or intent, such probative value is substantially outweighed by the danger of unfair prejudice. And last, while the fact that two or more Valueland customers used straw purchasers and cash payments exceeding $10,000 to purchase vehicles is relevant, the fact that Browner met the individuals at Alvis House is not. And again, even if it is relevant, its probative value is substantially outweighed by the same danger of unfair prejudice.

  In sum, the Government may adduce evidence that Browner knew certain individuals and that those individuals engaged in or had knowledge of activity geared towards evading reporting requirements, but any evidence that Browner met these individuals at Alvis House is unfairly prejudicial to Defendants and therefore barred by Rule 403. Accordingly, any reference to Browner's temporary residence at Alvis is inadmissible against any Defendant for any purpose.

## CONCLUSION

The parties are reminded that the Court's rulings remain subject to reconsideration during trial.

**IT IS SO ORDERED.**

*[signature]*
MICHAEL H. WATSON, JUDGE
UNITED STATES DISTRICT COURT